**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-5031**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEJANDRO REINOSO,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:05-cr-00380-JAB-3)

───────────────

Submitted:    May 30, 2007            Decided:  July 9, 2007

───────────────

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Thomas H. Johnson, Jr., GRAY, JOHNSON, BLACKMON, LEE & LAWSON, LLP, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Reinoso appeals his convictions and sentence for counterfeiting charges and making false statements to the Department of Homeland Security. Reinoso was a passenger in a vehicle parked in an Auto Zone parking lot in Asheboro, North Carolina. When approached by an Asheboro police officer, the driver of the vehicle consented to a search of the vehicle. Counterfeit currency and a firearm and ammunition were found in the vehicle. Upon arrest, Reinoso gave agents a false name and stated that he was unaware of the firearm and counterfeit currency. He proceeded to trial and was convicted for conspiracy to pass and utter and attempt to pass and utter, keep in possession and conceal counterfeited Federal Reserve Notes, possession and concealment of counterfeited Federal Reserve Notes, and false statements to Department of Homeland Security. At sentencing, he received enhancements for possession of a firearm and obstruction of justice, and received a twenty-six month sentence.

First, Reinoso makes a conclusory argument that the arresting officer's investigative methods and detention of him were not supported by an articulable suspicion. Although Reinoso's brief cites several Fourth Amendment cases, his only argument related to his own case is that the officer did not have reasonable suspicion to seize Reinoso, a passenger, due to the driver's

nervousness and the passengers' conflicting travel plans.  Reinoso did not file a motion to suppress evidence prior to trial.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires motions to suppress evidence be made before trial.  United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).  Failure to make a motion to suppress before trial constitutes waiver unless the trial court grants relief from the waiver under Rule 12(e) for cause shown.  Fed. R. Crim. P. 12(e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995).  Reinoso therefore must show cause for his failure to file a pretrial motion to suppress.  Reinoso failed to raise the issue of suppression based on improper arrest and investigative methods prior to or during trial, and he does not allege cause for his failure to do so.  We therefore conclude he has waived his right to assert his constitutional objections by failing to file a motion to suppress the evidence prior to trial.

Next, Reinoso alleges that Count Six of the indictment was defective.  Count Six of the superseding indictment charged Reinoso with a violation of 18 U.S.C.A. § 1001(a)(2) (West 2000 & Supp. 2007).  It alleged that Reinoso falsely told a Secret Service agent that he was not aware that counterfeit notes and a firearm were in the vehicle in which he was traveling, and that Martinez-Orozco and Gonzalez had given him a ride from Greenwood, South Carolina, to Asheboro, North Carolina, to see his cousin, for whom Reinoso did not have a name or contact information.

- 3 -

Reinoso alleges that Count Six of the indictment was defective because, with regard to the firearm statement, the count alleging possession of a firearm by an illegal alien was dismissed at the close of evidence. Therefore, he argues, his statement to the agent was legally correct. Reinoso also alleges in a conclusory manner that the district court illegally amended the indictment. Although he provides numerous case citations to unlawful amendment cases, he does not specify how the court unlawfully amended the indictment. The record does not reflect an amendment, and Reinoso does not provide a transcript of the jury instructions in the joint appendix.

A challenge alleging a defect in the indictment must be made prior to trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3). A challenge to a defective indictment is waived if it is not brought within the deadline outlined in Rule 12(b)(3). However, "[f]or good cause shown, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e); see also United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985) (applying former version of Rule 12(e)). Reinoso failed to establish that he raised this issue prior to, or any point during, trial and also failed to establish any cause for waiver. Therefore, we conclude that the claim is waived.

Reinoso challenges the enhancements he received to his sentence for possession of a firearm and obstruction of justice. Reinoso received an enhancement for possession of a firearm in connection with the counterfeit charges. See U.S. Sentencing Guidelines Manual § 2B5.1(b)(4) (2005). He argues that it was improper to apply the enhancement because the district court found under Fed. R. Crim. P. 29 that the evidence would not support a finding of possession of a firearm beyond a reasonable doubt, absent evidence that he knew or should have known that a co-conspirator possessed a gun in relation to the offense.

First, a court may impose sentencing enhancements based on a preponderance standard based on conduct that did not satisfy a reasonable doubt standard at trial. See United States v. Watts, 519 U.S. 148, 154 (1997). The guideline applicable to counterfeiting violations is USSG § 2B5.1. The base offense level under USSG § 2B5.1 is nine. USSG § 2B5.1(a). The Guidelines further add a two-level enhancement to the base offense level of nine if "a dangerous weapon (including a firearm) was possessed in connection with the offense . . . . If the resulting offense level is less than 13, increase to level 13." USSG § 2B5.1(b)(4). Because Reinoso was involved in "jointly undertaken criminal activity," this enhancement applies not only if he possessed a firearm, but also based on "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken

criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . ." USSG § 1B1.3(a).

We find that the evidence amply supported the enhancement for possession, even if Reinoso did not physically possess the firearm. The size of the rear compartment and items in plain view prove by a preponderance of the evidence that it was reasonably foreseeable that the firearm was used to protect the counterfeit notes found throughout the car and that Reinoso should have been aware that his co-conspirators possessed the firearm. See United States v. Matos-Rodriguez, 188 F.3d 1300, 1309 (11th Cir. 1999) (affirming USSG § 2B5.1(b)(4) enhancement because district court reasonably concluded that firearm was possessed by defendant "to protect his [counterfeit] merchandise" and noting dangerousness of dealing in counterfeit currency).

Finally, Reinoso argues on appeal that the court erred in applying the enhancement because giving a false name when he was arrested did not significantly impede the investigation. Reinoso received a two-level enhancement for providing a false statement to law enforcement under USSG § 3C1.1. Reinoso was convicted under 18 U.S.C.A. § 1001(a)(2) of making false statements to Department of Homeland Security and the Secret Service including his statement that he was not aware that counterfeit notes were in the car in

which he was traveling. Reinoso gave a false name at arrest, and later his fingerprints were matched to fingerprints on the counterfeit notes. The presentence report (PSR) states that the adjustment for obstruction was made on the false statements made to case agents and the false name given to the magistrate judge and the district court. At sentencing, the district court found that Reinoso had made a false statement that he was unaware of the counterfeit notes and it was later determined that his fingerprints were found on the notes. Under the commentary to USSG § 3C1.1, "if the defendant is convicted of a separate count for [obstructive] conduct, this adjustment will apply and increase the offense level for the underlying offense (i.e., the offense with respect to which the obstructive conduct occurred)." USSG § 3C1.1 comment. (n.5).

Although the PSR does include false statements given to the case agents, the magistrate judge, and the district court, the district court specifically found that the enhancement applied based on the false statement that Reinoso was unaware of the counterfeit notes. Because Reinoso was convicted for making a false statement related to this obstructive conduct, it was not error for the court to apply the enhancement under Application Note 5.

We therefore affirm Reinoso's convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
